LUZ MARÍA ALICEA, recurrente y recurrida, *v.* DEPARTAMENTO DE LA VIVIENDA, recurrido y recurrente.

*Número:* R-78-413    *Resuelto:* 19 de octubre de 1979

*José Ramón Pérez Hernández*, abogado del recurrente; *R. Adolfo de Castro*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Con motivo de nuestra decisión en *Meléndez de Román* v.

*Arrarás*, 0-76-373, sentencia de 16 de diciembre de 1976, en la que confirmamos la dictada por el Tribunal Superior ordenando al Secretario de la Vivienda reponer a la señora Meléndez de Román en el puesto de Administradora del Residencial Ignacio Morales Dávila en Naguabo, se trasladó a la recurrente Luz María Alicea, quien a la sazón ocupaba dicho puesto, a otra posición similar en Yabucoa. Posteriormente el Secretario de la Vivienda a solicitud de la propia recurrente, la trasladó a otro residencial ubicado en Fajardo pero el interés primordial de ella es volver a trabajar en Naguabo. Acudió con ese propósito a la Junta de Apelaciones del Sistema de Administración de Personal. La Junta consideró que el traslado de la recurrente a Yabucoa obedeció a una situación imprevista o de emergencia y tomando en consideración que el Secretario de la Vivienda se había comprometido a realizar gestiones para trasladar a la recurrente a Naguabo o a Humacao cuando fuera factible, confirmó el traslado ordenado por aquél.

Así las cosas, la recurrente Luz María Alicea solicitó revisión al Tribunal Superior señalando que la Junta de Apelaciones había incidido al no tomar en consideración el hecho de que para junio de 1977 había surgido una vacante al puesto de Administrador I del Residencial Villas del Río de Naguabo, que fue oportunamente solicitada por la recurrente, pero que no se accedió a su solicitud y se trajo a una persona de afuera de la agencia para ocuparla. El tribunal de instancia revocó la resolución de la Junta de Apelaciones y ordenó al Secretario de la Vivienda trasladar a la recurrente a ocupar cualquier posición en Naguabo o Humacao aun cuando no existiera en ese momento en dichos pueblos una vacante de Administrador de Residencial. Dispuso el tribunal, además, que el Secretario de la Vivienda debía mantener a la recurrente con su título y sueldo de Administradora I en Naguabo hasta tanto surgiera la próxima vacante de Administrador en Naguabo o Humacao. Fundó su resolución en que la situación original de emergencia que justificó el

traslado de la recurrente a Yabucoá cesó tan pronto ocurrió una vacante de Administrador I en el Residencial Villas del Río en Naguabo. Expedimos el auto.

Estamos de acuerdo en que incidió el tribunal de instancia al ordenar el traslado de la recurrente a Naguabo cuando no existía allí una plaza vacante que ella pudiera ocupar. El traslado en esas circunstancias no logra ningún propósito útil para el servicio público ni para la recurrente. Por el contrario, tiene el efecto adverso de crear una vacante en el residencial de Fajardo al cual se trasladó a la recurrente a solicitud propia. Compartimos la preocupación del tribunal de instancia de garantizarle a la recurrente su regreso a Naguabo pero entendemos que este interés queda adecuadamente atendido con el compromiso expresado por el Secretario de la Vivienda ante la Junta de Apelaciones al efecto de que realizará las gestiones para trasladar a la recurrente a Naguabo o a Humacao tan pronto surja un puesto de igual o similar categoría.

*A tenor con lo anterior, se dictará sentencia revocando la aquí recurrida.*

Los Jueces Asociados Señores Rigau y Negrón García no intervinieron.